**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUDUS REX LLC, <br> d/b/a Bar XIII, <br> 48 Gill Drive <br> Newark, DE 19713, <br><br>         Plaintiff, <br><br>    v. <br><br> SMALL BUSINESS ADMINISTRATION, <br> 409 3rd Street, SW <br> Washington, DC 20416, <br><br> ISABELLA CASILLAS GUZMAN, <br> Administrator, Small Business Administration, <br> 409 3rd Street, SW <br> Washington, DC 20416, <br><br>         Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Ludus Rex LLC, doing business as Bar XIII ("Bar XIII" or the "Company"), as a live music venue operator, by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1.  This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.  The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by

the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Bar XIII is a live venue operator based in Wilmington, Delaware. Bar XIII demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied the Company's initial application and its appeal.

4. The COVID-19 pandemic has had a devastating impact on Bar XIII, forcing it to shut down for 3 months, suffering a 70% loss in revenue in the second quarter of 2020 as compared to the same quarter in 2020. The Company needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live venues businesses like Bar XIII recover from the major setbacks they have experienced because of the pandemic.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

6. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

7. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Ludus Rex LLC, doing business as Bar XIII, has served as a community-driven live entertainment nexus for the local Delaware and Philadelphia region since 2016. Every Friday and Saturday and occasional weekdays, Bar XIII is filled with live music or other performing arts of various sorts. At times, Bar XIII would host as many as five bands during a single show, and on average hosted over 400 bands a year.

9. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

10. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.    Shuttered Venue Operators Grant Program**

11. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

12. SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

13. An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

14. Eligible entities under the Act include live venue operators, as well as live performing arts organization operators, theatrical producers and promoters, museum operators, motion picture theater operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

15. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen.

15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

16. The Act defines live venue operator to include an entity that, "as a principal business activity, organizes, promotes, produces, manages, or hosts live concerts, comedy shows, theatrical productions, or other events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70% of revenue is generated through ticket sales or event beverages, food, or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

17. The Act specifies that for a live venue operator, it must have additional characteristics. It must host events with defined performance and audience spaces; use mixing equipment, a public address system, and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.    Bar XIII's SVOG Application and the SBA's Denial**

18. On June 2, 2021, 2021, Bar XIII applied for a SVOG award of $99,356.35.

19. On September 10, 2021, the Company learned from the SBA's SVOG portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Bar XIII ineligible.

20. On September 26, 2021, Bar XIII submitted an administrative appeal of the denial to the SBA.

21. On October 22, 2021, the SBA notified Bar XIII by email that its appeal was denied. The email listed a standard set of the reasons an appeal could be denied based on the SVOG Eligibility Matrix, and stated that Bar XIII's appeal was declined "at least in part" based on reason 9. Reason 9 is listed as "Presented live performances of a prurient sexual nature."

22. The SBA's denial was particularly unusual because none of the performances at Bar XIII include nudity or performances of sexual acts and Bar XIII does not generate profits from sexually explicit content or sexual merchandise.

23. In both its application and administrative appeal, Bar XIII demonstrated that it satisfies the criteria for eligibility as a live venue operator. The Company additionally submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

## CLAIMS FOR RELIEF

24. The courts recognize a strong presumption favoring judicial review of administrative action.

25. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

26. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

27. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

28. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

29. Bar XIII realleges and incorporates by reference each of the preceding paragraphs and allegations.

30. A basic requirement of administrative law is that an agency provide the reasoning for its decisions. However, the SBA gave no reason for denying Bar XIII's application, and instead provided only form, conclusory statements that do not explain the agency's reasoning in denying the Company's appeal.

31. The SBA further erred by arbitrarily deeming Bar XIII's performances to be of a prurient sexual nature.

32. The SBA's decision on Bar XIII's SVOG application also conflicts with the evidence the Company presented of its eligibility for a SVOG award as a live venue operator.

33. For all of these reasons, the SBA's denial of Bar XIII's SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

34. Bar XIII realleges and incorporates by reference each of the preceding paragraphs and allegations.

35. Bar XIII meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

36. Bar XIII's performances are not of a prurient sexual nature.

37. The SBA's denial of Bar XIII's SVOG award request on the basis of Bar XIII providing performances of a prurient sexual nature violated the Act and is contrary to law.

**COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

38. Bar XIII realleges and incorporates by reference each of the preceding paragraphs and allegations.

39. The SBA's denial of Bar XIII's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Bar XIII's application and appeal presented evidence that demonstrates the Company is eligible for a SVOG award.

40. The SBA's conclusion that Bar XIII's performances are of a prurient sexual nature is supported by no evidence in the record, let alone substantial evidence. Bar XIII's application and appeal presented evidence that demonstrates that Bar XIII does not offer performances of a prurient sexual nature.

41. The SBA's denial of Bar XIII's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Bar XIII respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Bar XIII's SVOG award request.

2. Preliminarily and permanently order Defendants to consider Bar XIII's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Bar XIII $99,356.35 in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260

§ 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Bar XIII's SVOG grant award.

    5.     Award Bar XIII its costs and reasonable attorney fees; and

    6.     Grant such other and further relief as the Court deems just and proper.

Dated: August 16, 2022                Respectfully submitted,

                                          */s/* Caroline L. Wolverton
                                          Angela B. Styles
                                          D.C. Bar No. 448397
                                          Caroline L. Wolverton
                                          D.C. Bar No. 496433
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          2001 K Street, N.W.
                                          Washington, D.C. 20006
                                          (202) 887-4000

                                          *Counsel for Plaintiff Ludus Rex LLC d/b/a Bar XIII*